IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BETTSY BUMPAS, in her capacity as Presonal Representative of the Estate of J.B., Deceased,<br><br>    Plaintiff,<br><br>v.<br><br>HOC INDUSTRIES INC., et al,<br><br>    Defendants. | Case No. 11-mc-00116-MC-KGG |

## ORDER DENYING MOTION TO HOLD POSCHEN IN CONTEMPT AND COMPEL CONTINUATION OF DEPOSITION, AND GRANTING MOTION TO QUASH.

Before the Court is Plaintiff's motion to hold witness Donald Poschen in contempt for failing to complete his deposition and for an order compelling witness Poschen to complete his deposition. Because Poschen is currently medically unable to complete a deposition, the motion is **DENIED**.

This matter is part of a case pending in the Eastern District of Oklahoma with the same caption (Case No. Civ-10-486 RAW). In that case, Plaintiff alleges that her decedent, a young child, died after aspirating torch fuel packaged by Defendant HOC Industries, Inc. Plaintiff's claims include claims that the child-proof packaging for the fuel was defective. Donald Poschen is the chief chemist of Defendant HOC, and is knowledgeable about the testing of the allegedly defective

packaging. There is no dispute that Mr. Poschen may be an important witness in the case.

On August 14, 2011, Plaintiff caused a subpoena to issue from this Court to Mr. Poschen, who is a Kansas resident, to provide a deposition on September 7, 2011, in Wichita, Kansas. (Doc. 1-1). On September 2, 2011, Donald Poschen filed a motion to quash the subpoena (Doc. 1). Poschen claimed that his medical condition (described as severe pain caused by spinal surgery which resulted in a spinal infection, and a subsequent car accident, together with pain medication), results in an inability to tolerate a deposition or to focus on the deposition. Poschen claimed that the deposition created an "undue burden" under Fed.R.Civ.P. 45(c)(3)(A)(iv).

In support of his motion, Poschen presented a letter from his family physician, Dr. Darla K. Rivera (Doc. 1-2). Dr. Rivera summarized Poschen's medical conditions, stating that "all of this has left him in severe pain." (*Id.*) She stated that the pain and the pain medication have "caused an inability to focus and stay on task." She stated that he cannot sit for long periods of time. She summarized that he would need "extreme accommodations" to testify, and "even then there is no guarantee that the testimony would be adequate." She suggested that a deposition be held at Poschen's home in one-hour sessions on different days, allowing breaks every 15 minutes, and with the witness on a chair with lumbar

support.

Plaintiff filed her response in opposition to the motion to quash on September 6 (Doc. 5).  This Court held a hearing by teleconference with counsel for Plaintiff and counsel for Poschen that day.  The Court denied Poschen's motion to quash, and ordered that the deposition be held on September 7, 2011, with conditions. Those conditions included that the deposition would continue only as long as Poschen felt able to continue – as determined by Poschen, who was ordered to cooperate in good faith.  The matter was left open to allow the parties to return to the Court for further orders if necessary.  (Memorandum and Order September 6, 2011, docket text entry).

On September 7, the parties began Mr. Poschen's deposition.  The Court has reviewed a video tape of that effort.  (Doc. 26.)  The deposition lasted approximately 45 minutes, at which point Poschen took a break because of a headache.  When the deposition was reconvened, he felt unable to continue and the deposition was recessed.  Near the beginning of the deposition, he confirmed that the narcotic medications he was taking for pain could effect his ability to perform in the deposition.  He appears lucid during the deposition, although his demeanor may be unusually casual.  It is unknown whether the medication affected his demeanor.

After that effort, the parties have been unable to agree to reconvene the

deposition, resulting in the present motion.  In the meantime, Plaintiff has deposed Dr. Rivera.  In addition to her previous opinions and recommendations, Dr. Rivera conveyed that the previous deposition effort "flared" Poschen's condition and stated that he has been almost bedridden since that day.  She still believes that he would need extreme accommodations to testify and that, even then, there would be no guarantee that the testimony would be adequate.  She acknowledged that there would be days on which he could be able to tolerate a short deposition, but that those days would be hard to predict (and he would still be on strong pain medication).  She stated that he is not able to testify in a "traditional sense."  She also testified, "Whether a circumstance could be manufactured, so to speak, that would accommodate him enough that he could have a brief period of lucidity and be capable of testifying seems unlikely."  She opined that further medical complications to Poschen's condition could be life-threatening. (Doc. 25-4).

Granting a motion to quash is an unusual remedy.  This Court, upon conferring with the parties, entered an order in an effort to permit the deposition under conditions necessary to ensure that the procedure did not aggravate the condition of a witness whom the uncontroverted evidence shows is a very sick man.  However, the frail health of a witness is grounds for finding that the deposition creates an undue burden and should be disallowed.  *See generally* Wright & Miller, ***Federal Prac. & Proc***.§ 2037.

There is absolutely no evidence in this case that Mr. Poschen has failed to comply with this Court's order that he make a good-faith effort to give a deposition. He attempted to provide a deposition, even foregoing the breaks every 15 minutes, which his physician predicted he would require. Furthermore, it is undisputed that the physical and mental strain and stress of the previous effort to provide a deposition aggravated Mr. Poschen's condition. The defense has offered no evidence that the witness is "faking" his condition, or that he and his physician have conspired to exaggerate his condition to evade the subpoena.

The motions for contempt and to compel continuation of the deposition (Doc. 8.) are **DENIED**. Furthermore, the Court's previous order denying the motion to quash is **VACATED**, and Mr. Poschen's motion to quash (Doc. 1) is **GRANTED**. These rulings are without prejudice as to the issuance of a renewed subpoena if and when Mr. Poschen's medical condition improves.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas, on this 14th day of October, 2011.

 S/ KENNETH G. GALE
Kenneth G. Gale
United States Magistrate Judge